UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DENNIS BRITTENHAM,

                    Plaintiff,

                                                    CASE NO. 10-10478
v.                                                  HONORABLE MARIANNE O. BATTANI

MAIL ROOM,

                    Defendant.

_____/

## ORDER OF DISMISSAL

### I. Introduction

Plaintiff Dennis Brittenham, a state prisoner at Gus Harrison Correctional Facility in Adrian, Michigan, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The sole defendant is the "boss" of the mail room at the Adrian facility.

The complaint appears to allege that, for a period of two or three months, correctional officials failed to provide Plaintiff with metered envelopes for his legal mail. The complaint also alleges that, on one occasion, an item which Plaintiff attempted to send to this Court was returned to him after being opened by correctional officials. Finally, the complaint alleges that Plaintiff submitted a letter with a disbursement form to correctional officials, but the form was returned to him with a note stating that there was no letter attached to it.

### II. Standard of Review

Plaintiff has been granted leave to proceed without prepayment of the filing fee

for this action due to his poverty.  An indigent prisoner's civil rights complaint, or any

portion of it, may be dismissed if the complaint seeks redress from a governmental

entity, officer, or employee and (1) is frivolous, malicious, or fails to state a claim for

which relief may be granted, or (2) seeks monetary relief from a defendant who is

immune from such relief.  Smith v. Campbell, 250 F.3d 1032, 1036 (6th Cir. 2001)

(citing 28 U.S.C. §§ 1915(e)(2) and 1915A).  To successfully establish a *prima facie*

case under § 1983, a civil rights plaintiff must prove that the defendant acted under

color of state law and deprived the plaintiff of a federal right.  Block v. Ribar, 156 F.3d

673, 677 (6th Cir. 1998).  A complaint is frivolous if it lacks an arguable basis in law or in

fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The complaint must set forth

"enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)

### III.  Discussion

At best, the complaint alleges interference with Plaintiff's mail and ability to

communicate with the Court.

> [T]he First Amendment entitles a prisoner to receive and send mail,
> subject only to the institution's right to censor letters or withhold delivery if
> necessary to protect institutional security, and if accompanied by
> appropriate procedural safeguards. [The Supreme Court has] also held
> that the Fourteenth Amendment entitles a prisoner to reasonable access
> to legal materials as a corollary of the constitutional right of access to the
> courts.

Hudson v. Palmer, 468 U.S. 517, 547 (1984) (footnotes omitted).

Plaintiff has failed to state a claim under either the First or Fourteenth

Amendments to the Constitution, because he has sued a state employee in his or her

official capacity for money damages.  State officials obviously are persons for purposes

of § 1983.  However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.  As such, it is no different from a suit against the State itself."  Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989) (citations omitted).  "The Eleventh Amendment bars suits brought in federal court against a state and its agencies unless the state has waived its sovereign immunity or consented to be sued in federal court."  Grinter v. Knight, 532 F.3d 567, 572 (6th Cir. 2008) (citing Will, 491 U.S. at 66, and Abick v. Michigan, 803 F.2d 874, 876-77 (6th Cir. 1986)).  Because Michigan has not waived its sovereign immunity, Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004) (citing Abick, 803 F.2d at 877), Plaintiff is not entitled to money damages.

Plaintiff seeks injunctive relief in the form of an investigation.  A state official sued in his or her official capacity for injunctive relief "would be a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State.' "  Will, 491 U.S. 58, 71 n. 10 (quoting Kentucky v. Graham, 473 U.S. 159, 167 n. 14 (1985)).

Even if there was improper interference with Plaintiff's mail, he has no right to injunctive relief because he has not shown that the named defendant was personally involved in the alleged misconduct.  "[A] pleading fails to state a claim under § 1983 if the allegations are merely conclusory and lack factual specificity."  Davis v. Michigan Dep't of Corr., 746 F. Supp. 662, 667 (E.D. Mich. 1990) (citing Place v. Shepherd, 446 F.2d 1239, 1244 (6th Cir. 1971)); see also Terrance .v Northville Reg'l Psychiatric Hosp., 286 F.3d 834, 842 (6th Cir. 2002) (stating that "damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be

founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what <u>each</u> defendant did to violate the asserted right") (emphasis in original).

Furthermore, <u>respondeat superior</u> or vicarious liability is not a basis for relief in a civil rights action. <u>Canton, Ohio v. Harris</u>, 489 U.S. 378, 385 (1989) (citing <u>Monell v. New York City Dep't of Soc. Serv.</u>, 436 U.S. 658, 694-95 (1978)). Supervisory liability cannot "be based solely on the right to control employees, or simple awareness of employees' misconduct." <u>McQueen v. Beecher Cmty. Sch.</u>, 433 F.3d 460, 470 (6th Cir. 2006) (citations and quotation marks omitted). And an isolated incident of interference with mail in a prison setting does not state a claim that rises to the level of constitutional magnitude actionable under § 1983. <u>See</u> <u>Smith v. Maschner</u> 899 F.2d 940, 944 (10th Cir. 1990); <u>Morgan v. Montanye</u>, 516 F.2d 1367, 1370-71 (2d Cir. 1975); <u>Bach v. Illinois</u>, 504 F.2d 1100, 1102 (7th Cir. 1974).

## IV.  Conclusion

The Court concludes for the foregoing reasons that Plaintiff's allegations are frivolous and fail to state a claim. Accordingly, the complaint is summarily dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). An appeal from this order would be frivolous and could not be taken in good faith. 28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962); <u>McGore v. Wrigglesworth</u>, 114 F.3d 601, 610-11 (6th Cir. 1997).

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

Dated: <u>April 9, 2010</u>

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon Plaintiff via ordinary mail.

s/Bernadette M. Thebolt
Case Manager